NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-CV-361-KKC

STANFORD R. COLEMAN                                                                    PETITIONER

VS:                                    **MEMORANDUM OPINION AND ORDER**

CHARLES SAMUELS, JR., WARDEN                                               RESPONDENT

The petitioner, an inmate currently confined at FCI-Manchester, Kentucky, has filed a *pro se* and fee-paid 28 U.S.C. §2241 writ of habeas corpus.

CLAIMS

The petitioner claims:  (1) his indictment was defective and, therefore, his trial court had no jurisdiction; (2) his Fifth and Sixth Amendment rights were violated because the court used merely a preponderance of evidence to enhance his sentence, since the court utilized facts never submitted to a jury which were not proven beyond a reasonable doubt.

FACTUAL ALLEGATIONS

The petition is cursorily pled and contains a paucity of allegations.

The incidents giving rise to this prosecution occurred in Lima, Ohio, which is situated in Allen County in the Western Division of the United States District Court for the Northern District of Ohio.  At the time of the indictment, the petitioner resided in Lima, Ohio.  The indictment was returned by a grand jury impaneled and seated in the Eastern Division of the United States District Court for the Northern District of Ohio at Cleveland.  On November 26, 1991, the indictment was

1

filed in the Eastern Division at Cleveland.  On November 29, 1991, the indictment allegedly was re-filed in the Northern District of Ohio, Western District  at Toledo.

The petitioner pled guilty.  On April 10, 1992, the petitioner was sentenced reportedly in the United States District Court for the Western District of Ohio.  He was sentenced to serve 192 months on counts 8 through 10 and 60 months on counts 14 and 15.  The petitioner appealed to the Sixth Circuit Court of Appeals.  In his appeal, he argued that his conviction should be overturned based upon "violation of Federal Rule 11" and "unlawful conviction for 18 U.S.C. §924(c)(2)."  On December 6, 1994,  his conviction was affirmed.

The petitioner filed a 28 U.S.C. §2255 writ of habeas corpus in the "Northern District of Ohio Western Division."  He challenged his conviction by asserting it had been improperly obtained, (1)  based upon insufficient evidence to support his 18 U.S.C. §924(c) conviction, despite his guilty plea thereto; and (2) because he had been rendered ineffective assistance of counsel.  The petitioner also sought re-sentencing under the guidelines for cocaine powder instead of cocaine base.  His §2255 writ was denied on June 3rd of an undisclosed year.  There is no indication that the petitioner appealed this denial to the Sixth Circuit Court of Appeals, nor is there any indication that the petitioner has sought or received pre-authorization from the Sixth Circuit Court of Appeals to properly re-file his claims within his sentencing court.

On July 1, 2005, the petitioner filed this 28 U.S.C. §2241 writ.  The filing fee was resolved on July 28, 2005, at which point this matter became ripe for screening.  28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F.Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

2

The petitioner's challenge to the conviction and imposition of his sentence must be brought in his sentencing court pursuant to 28 U.S.C. §2255.   28 U.S.C. §2241 writs are only utilized to challenge the execution of a sentence, such as the computation of parole or sentence credits.   *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  The general rule is that 28 U.S.C. §2241 permits challenges to official action affecting execution of sentence, whereas 28 U.S.C. §§2254 or 2255 relate to conviction and imposition of sentence.  *Moore v. Perrill*, 39 F.3d 1192 (10th Cir. 1994).

Only if the remedy under §2255 is inadequate or ineffective to test the legality of the petitioner's sentence may the petitioner activate the exception to the general rule and bring his claims pursuant to 28 U.S.C. §2241.  28 U.S.C. §2255 ("savings clause"); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).   In order to activate  the exception, the petitioner must establish:  (1) his remedy under §2255 was "inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003); and/or (2) he has a claim of "actual innocence." *Bousley v. United States*, 523 U.S. 614 (1998).[1]  The burden is on the §2241 petitioner to demonstrate inadequacy or ineffectiveness.  *Charles*, 180 F.3d at 756.

The petitioner has not established that he has been barred from filing a successive 28 U.S.C. §2255 petition.  Additionally, the petitioner has not established that, in light of his guilty plea, he is now making a claim of actual innocence based on an intervening Supreme Court decision which

---

[1] "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Additionally, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."  *Id.* at 623-24.

narrowly defines a term of the statute under which he was convicted.[2]  Consequently, this Court is without §2241 jurisdiction to consider his claims.

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's request for a writ of habeas corpus is **DENIED**, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the respondent.

This the 3rd day of August, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

---

[2]  It is noted that the petitioner allegedly raised the matter of the legality of his 18 U.S.C. §924(c) conviction in his direct appeal from his conviction.  He does not assert that he raised the §924(c) issue in his §2255 and it does not appear that he is raising the §924(c) issue in this currently considered §2241 petition.

4